**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY, et al.,<br><br>Defendants. | 3:20-cv-00400-MMD-CLB<br><br>**<u>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE</u>**[1] |

Before the court is Plaintiff Heath Fulkerson's ("Fulkerson"), application to proceed *in forma pauperis* (ECF No. 1), his motion to submit complaint (ECF No. 1-2), and his complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Fulkerson's *in forma pauperis* application (ECF No. 1) be granted, his motion to submit complaint (ECF No. 1-2) be granted, and his complaint (ECF No. 1-1) be dismissed as outlined below.

**I. *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is

---

1 This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Fulkerson cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II. SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a

plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. SCREENING OF COMPLAINT

In his complaint, Fulkerson sues Defendants State of Nevada Department of Business and Industry (the "Department") and the Hartford Financial Insurance Group (the "Hartford") for violations of "federal and state injured workers rights," violations of the "Federal Employment Compensation Act," and a violation of Fulkerson's "rights to receive medical treatment after being injured." (*See* ECF No. 1-1 at 1.) Fulkerson alleges he was injured on numerous occasions while at work and submitted workers compensation claims

to the Hartford but his claims were denied. (*Id.* at 1-3.) Fulkerson claims he is "being singled out" by the Department due to previous lawsuits he has filed. (*Id.*) Fulkerson asks the court to (1) investigate the claim handling of the Department, "impose an injunction," and impose internal review of their practices and (2) mediate and "inspect the proper documents and medical notes" relating to his claims with Hartford. (*Id.* at 3.)

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citations omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

First, the court recommends dismissal of the Department, with prejudice, as amendment would be futile. Plaintiff cannot raise 42 U.S.C. § 1983 or state law claims against the State of Nevada based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief

sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity). The Ninth Circuit has explicitly held that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims." *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006).

Second, Fulkerson seems to assert bad faith claims against the Hartford. Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205)). "The implied covenants of good faith and fair dealing impose a burden that require each party to a contract to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Shaw v. CitiMortgage, Inc.*, 201 F.Supp.3d 1222, 1251 (D.Nev. 2016) (quotation omitted). "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F.Supp. 1237, 1242 (D.Nev. 1994) (quoting *United States Fid. & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070, 1071 (1975)). To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying the benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 729 P.2d 1352, 1354 (1986). In other words, an insurer's incorrect determination that coverage does not exists under a particular policy is not an actionable tort unless there was no reasonable basis for that determination. *Pioneer*, 863 F.Supp. at 1242.

Fulkerson includes only the fact that he made various claims and the general assertion that the claims were not handled properly. This is insufficient to state a claim of bad faith against the Hartford as Fulkerson does not allege facts that the Hartford denied

coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. He merely asserts that they did not cover or pay his claims. Therefore, the bad faith claim against the Hartford should be dismissed with leave to amend.

## IV. CONCLUSION

For the reasons articulated above, the court recommends that Fulkerson's *in forma pauperis* application (ECF No. 1) be granted, his motion to submit complaint (ECF No. 1-2) be granted, and that his complaint (ECF No. 1-1) be dismissed, with prejudice, as to the Department, and dismissed, with leave to amend, as to the Hartford.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Fulkerson's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Fulkerson's motion to submit complaint (ECF No. 1-2) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Fulkerson's complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**, as to Defendant the State of Nevada Department of Business and Industry;

**IT IS FURTHER RECOMMENDED** that Fulkerson's complaint (ECF No. 1-1) be

**DISMISSED, WITH LEAVE TO AMEND**, as to Defendant the Hartford; and

**IT IS FURTHER RECOMMENDED** that Fulkerson be given **thirty (30) days** from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or request for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the court. The Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." Plaintiff should be advised that if he fails to file an amended complaint within the thirty (30) days, the action may be dismissed.

**DATED:** October 9, 2020.

**UNITED STATES MAGISTRATE JUDGE**